# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00256-AGF |
| | ) | |
| RICHARD JENNINGS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Michael Ford's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will order petitioner to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**Background**

On October 5, 2011, petitioner was charged with first degree murder and armed criminal action. *State of Missouri v. Ford*, No. 1122-CR05948 (22nd Judicial Cir., St. Louis City). He was convicted on both counts on July 11, 2013, following a jury trial. On September 20, 2013, petitioner was sentenced to life without parole. He filed his notice of appeal that same day.

The Missouri Court of Appeals affirmed the circuit court on February 10, 2015. *State of Missouri v. Ford*, 454 S.W.3d 407 (Mo. App. 2015). Petitioner did not file a motion for rehearing or a motion to transfer to the Missouri Supreme Court.

Petitioner filed a motion to vacate pursuant to Missouri Supreme Court Rule 29.15 on May 11, 2015. *State of Missouri v. Ford*, No. 1522-CC01008 (22nd Judicial Cir., St. Louis City). The motion was denied on January 12, 2016, and petitioner filed a notice of appeal on February

22, 2016. On January 31, 2017, the Missouri Court of Appeals reversed and remanded with instructions to the circuit court to complete the record for purposes of determining the timeliness of petitioner's amended motion to vacate. *State of Missouri v. Ford*, 510 S.W.3d 360 (Mo. App. 2017).

Upon rehearing on April 27, 2017, the circuit court again denied petitioner's motion to vacate. *State of Missouri v. Ford*, No. 1522-CC01008 (22nd Judicial Cir., St. Louis City). Petitioner filed a notice of appeal on June 6, 2017. The Missouri Court of Appeals affirmed the circuit court on March 6, 2018. *State of Missouri v. Ford*, 540 S.W.3d 889 (Mo. App. 2018). The Court of Appeals issued its mandate on March 28, 2018. Petitioner placed the instant petition in the prison mailing system on February 12, 2019. (Docket No. 1 at 14).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The one-year statute of limitations found in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners, such as petitioner, who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed"). The Missouri Court of Appeals affirmed petitioner's conviction on February 10, 2015. Petitioner did not file a motion to transfer to the Missouri Supreme Court. Therefore, his judgment became final upon the expiration of the 15-day period for filing an application to transfer. As such, petitioner's statute of limitations began to run on February 25, 2015.

The AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period under this subsection"). Under Missouri state court procedures, post-

3

conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). Petitioner filed his state post-conviction motion on May 11, 2015. The Court of Appeals issued its mandate on March 28, 2018. The period between May 11, 2015, and March 28, 2018, does not count against petitioner's one-year limitations period.

However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). Petitioner's judgment became final on February 25, 2015. He filed his motion to vacate on May 11, 2015. This period amounts to 75 days that count against his one-year limitations period. Furthermore, the 321 days between the issuance of the Court of Appeal's mandate on March 28, 2018, and the filing of petitioner's petition on February 12, 2019,[1] also counts against his one-year limitations period.

As noted above, a total of 75 days elapsed between the date petitioner's judgment became final, on February 25, 2015, and the date he filed his state motion for post-conviction relief, on May 11, 2015. A further 321 days elapsed between the date the mandate issued, on March 28, 2018, and the date petitioner placed his petition in the prison mail system, on February 12, 2019. After adding these periods together, a total of 396 days have elapsed. This is beyond the one-year limitations period provided by § 2244(d)(1)(A).

---

[1] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

To put it another way, on May 11, 2015, when petitioner filed his state motion for post-conviction relief, 75 days of his limitations period had already run, leaving him a balance of 290 days remaining. The limitations period began running again on March 28, 2018, when the Court of Appeals issued its mandate. From that point, petitioner had 290 days in which to timely file his petition, meaning that he would have needed to file by January 14, 2019.[2] However, he did not place his petition into the prison mail system until February 12, 2019, 29 days after the limitations period expired. As such, it appears that petitioner's petition is time-barred.

Before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As a result, the Court will order petitioner to show cause, in writing and no later than 30 from the date of this order, why this action should not be dismissed as time-barred.

## Motion for Leave to Proceed In Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that the motion should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

---

[2] Two hundred ninety days from March 28, 2018 is Saturday, January 12, 2019. However, when the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

Dated this 12th day of March, 2019.

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE