UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL FORD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:19-cv-00256-AGF |
| RICHARD JENNINGS, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Michael Ford's response to the Court's March 12, 2019 order to show cause. (Docket No. 4). The Court had ordered petitioner to show cause why his 28 U.S.C. § 2254 petition for writ of habeas corpus should not be dismissed as time-barred. Having carefully reviewed petitioner's response, and for the reasons discussed below, the Court must dismiss this action as time-barred pursuant to 28 U.S.C. § 2244.

**Background**

On October 5, 2011, petitioner was charged with first degree murder and armed criminal action. *State of Missouri v. Ford*, No. 1122-CR05948 (22nd Judicial Cir., St. Louis City).[1] He was convicted on both counts on July 11, 2013, following a jury trial. On September 20, 2013, petitioner was sentenced to life without parole. He filed his notice of appeal that same day.

The Missouri Court of Appeals affirmed the circuit court on February 10, 2015. *State of Missouri v. Ford*, 454 S.W.3d 407 (Mo. App. 2015). Petitioner did not file a motion for rehearing or a motion to transfer to the Missouri Supreme Court.

---

[1] The Court reviewed petitioner's state cases on Case.net, Missouri's online case management system.

Petitioner filed a motion to vacate pursuant to Missouri Supreme Court Rule 29.15 on May 11, 2015. *State of Missouri v. Ford*, No. 1522-CC01008 (22nd Judicial Cir., St. Louis City). The motion was denied on January 12, 2016, and petitioner filed a notice of appeal on February 22, 2016. On January 31, 2017, the Missouri Court of Appeals reversed and remanded with instructions to the circuit court to complete the record for purposes of determining the timeliness of petitioner's amended motion to vacate. *State of Missouri v. Ford*, 510 S.W.3d 360 (Mo. App. 2017).

Upon rehearing on April 27, 2017, the circuit court again denied petitioner's motion to vacate. *State of Missouri v. Ford*, No. 1522-CC01008 (22nd Judicial Cir., St. Louis City). Petitioner filed a notice of appeal on June 6, 2017. The Missouri Court of Appeals affirmed the circuit court on March 6, 2018. *State of Missouri v. Ford*, 540 S.W.3d 889 (Mo. App. 2018). The Court of Appeals issued its mandate on March 28, 2018.

Petitioner placed the instant petition in the prison mailing system on February 12, 2019. (Docket No. 1 at 14).[2] On March 12, 2019, the Court ordered petitioner to show cause why his petition should not be dismissed as time-barred. The Court noted that from the time petitioner's judgment became final, on February 25, 2015, to the time that petitioner placed his petition in the prison mail system, on February 12, 2019, a total of 396 days had elapsed, excluding the period during which petitioner's state post-conviction motion was pending. Petitioner was directed to show cause within thirty days as to why his petition should not be dismissed as untimely. He filed his response on April 5, 2019, by placing it in the prison mailing system. (Docket No. 4).

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

**Petitioner's Response**

Petitioner objects to the Court's calculation as to when the one-year statute of limitations began running. (Docket No. 4 at 3). In its show cause order, the Court stated that petitioner's judgment became final on direct review on February 25, 2015, fifteen days after the Missouri Court of Appeals affirmed his conviction. The Court made this determination because petitioner did not file a motion to transfer to the Missouri Supreme Court. Using February 25, 2015 as the date the statute of limitations began running, the Court calculated that a total of 75 days elapsed between February 25 and May 11, 2015, the date on which petitioner filed his state post-conviction motion.

Petitioner disagrees with the Court's conclusion that his judgment became final – and the statute of limitations began running – on February 25, 2015. To the contrary, he asserts that "once his conviction was affirmed on February 10, 2015, after direct appeal, the law of Missouri does not require prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." (Docket No. 4 at 3-4). He argues that because petitioning for transfer to the Missouri Supreme Court is discretionary, Missouri is a "two tier state" where the Court of Appeals is "the state court of last resort." (Docket No. 4 at 4). As such, petitioner believes that "the conclusion of the direct review process includes the 90-day period for seeking certiorari in the [United States] Supreme Court." In other words, despite not filing a petition for writ of certiorari, his appeal is considered pending until the time for filing such writ has expired. Therefore, petitioner contends that his judgment was not final until 90 days after February 10, 2015, meaning that his petition was not due until April 12, 2019. Because petitioner placed his petition in the prison mailing system on February 12, 2019, he states that his action is not time-barred.

**Discussion**

The Court previously ordered petitioner to show cause why his 28 U.S.C. § 2254 petition should not be dismissed as time-barred pursuant to 28 U.S.C. § 2244. Petitioner has filed his response. Having carefully reviewed the response, and for the reasons discussed below, the Court must dismiss petitioner's petition as time-barred.

**A. Statute of Limitations**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners, such as petitioner, who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

4

Petitioner's direct appeal was affirmed by the Missouri Court of Appeals on February 10, 2015. He did not file a motion to transfer to the Missouri Supreme Court. His time for seeking direct review in the Missouri Supreme Court expired on February 25, 2015, fifteen days after the Court of Appeals affirmed his judgment. Thus, February 25, 2015 is the day that petitioner's one-year statute of limitations began running.

Petitioner did not file a state post-conviction motion until May 11, 2015. The period of time "between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). As such, the 75 days that elapsed between the date petitioner's judgment became final on February 25, 2015, and the date that petitioner filed his state post-conviction motion on May 11, 2015, counts against petitioner's one-year statute of limitations.

The AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

Petitioner's state post-conviction motion was pending from May 11, 2015, the date it was filed, until March 28, 2018, the date the mandate was issued by the Missouri Court of Appeals. This period of time does not count against petitioner's one-year statute of limitations.

On March 28, 2018, petitioner's limitations period began running again. At this point, as noted above, 75 days had already elapsed between the judgment becoming final on direct review, and petitioner's filing of his state post-conviction action. This left petitioner with a balance of 290 days from March 28, 2018 in which to file his federal habeas petition within the limitations period. In other words, petitioner needed to file his petition by January 14, 2019 in order to be timely.[3] However, petitioner did not file his federal habeas petition with the Court until February 12, 2019, which was 29 days after the one-year limitations period expired. Thus, his petition is untimely.

## B. Petitioner's Argument

Petitioner asserts that the statute of limitations did not begin running on his case until 90 days after the Missouri Court of Appeals affirmed his judgment. His argument rests on the contention that the Missouri Court of Appeals is actually a "state court of last resort." He comes to this conclusion because transfer to the Missouri Supreme Court is discretionary and because petitioner is not required to file such a motion. As such, he believes he is entitled to the 90-day window for seeking a petition for writ of certiorari to the United States Supreme Court. If these 90 days are included in the calculation as to when petitioner's judgment became final on direct review, then his petition is timely. Petitioner's reasoning, however, is not persuasive.

The United States Supreme Court has stated that when a petitioner does not appeal to the State's highest court, his judgment becomes final when his time for seeking review with the State's

---

[3] Two-hundred-and-ninety days from March 28, 2018 is Saturday, January 12, 2019. However, when the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

6

highest court expires. *Gonzalez*, 565 U.S. at 150. The petitioner in *Gonzalez* raised an argument similar to the one presented here, proposing "that his petition should be considered timely because it was filed within a year of when his time for seeking [the Supreme Court's] review…expired." *Id*. at 154. The Supreme Court disagreed with this proposition. *Id*. Specifically, the Supreme Court noted that it could only review "judgments of a state court of last resort or of a lower state court *if the state court of last resort has denied discretionary review*." *Id*. (emphasis added). Because the petitioner in *Gonzalez* failed to appeal an adverse decision to the Texas Court of Criminal Appeals, which is the court of last resort in Texas, the Supreme Court "would have lacked jurisdiction over a petition for certiorari from the" intermediate appellate court. *Id*. Accordingly, the Supreme Court declined "to incorporate the 90-day period for seeking certiorari in determining when" the petitioner's judgment became final. *Id*.

Here, the 90-day window for filing a petition for writ of certiorari to the United States Supreme Court does not apply, because the Supreme Court only has jurisdiction to review judgments of a state court of last resort or the judgment of a lower state court if the state court of last resort has denied discretionary review. Petitioner's judgment from the Missouri Court of Appeals does not represent the judgment of a court of last resort. Furthermore, petitioner did not attempt to transfer his case to the Missouri Supreme Court, meaning that his judgment is not a judgment of a lower state court where discretionary review has been denied. As such, the Supreme Court would not have had jurisdiction over a petition for writ of certiorari, even if petitioner had decided to file one. Therefore, the Court will not incorporate the 90-day period for seeking certiorari into the calculation as to when petitioner's judgment became final.

## C. Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gessler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Equitable tolling provides an otherwise time-barred petitioner with "an exceedingly narrow window of relief." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). To that end, a prisoner's pro se status, lack of legal knowledge or resources, or his confusion about or miscalculations of the limitations period are not adequate to warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Petitioner does not expressly invoke the doctrine of equitable tolling. To the extent that his response to the Court can be read as an invocation of the doctrine, however, the Court notes that equitable tolling does not apply. Petitioner's response is based on his belief that his case did not become final on direct review until after the expiration of the 90-day period for seeking certiorari. That belief is mistaken. As noted above, confusion about or miscalculation of the limitations period is not adequate to warrant equitable tolling. Therefore, petitioner has not demonstrated that application of the doctrine is warranted.

**D. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is time-barred. As discussed above, petitioner's one-year statute of limitations expired on January 14, 2019; however, he did not file the instant petition until February 12, 2019. His assertion that the 90-day period for seeking a petition for writ of certiorari from the United State Supreme Court should be included in calculating the date his judgment became final is unavailing. Furthermore, he has not demonstrated that he is entitled to equitable tolling. Therefore, the Court must dismiss his petition pursuant to 28 U.S.C. § 2244.

**E. Certificate of Appealability**

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); and *Slack v. McDaniel*, 529 U.S. 473, 483-95 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. *See* Rule 4 of the Rules Governing Habeas Corpus Proceedings. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 4th day of June, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE